IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVA EASON, MEGHAN SCHOEFFLING, NATIONAL FEDERATION OF THE BLIND, and the CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK,<br><br>                                     Plaintiffs,<br><br>     v.<br><br>NEW YORK STATE BOARD OF ELECTIONS and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES,<br><br>                                     Defendants. | CIVIL ACTION NO. 1:16-cv-04292<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Defendants NEW YORK STATE BOARD OF ELECTIONS (BOE) and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES (DMV) provide eligible voters with quick, convenient, and confidential online ways to register to vote or to change their names or addresses for voting. However, Defendants deny these same opportunities to eligible voters with disabilities in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 *et seq.*, and Section 504 of the Rehabilitation Act (Section 504), 29 U.S.C. § 794.

2. Voters with disabilities, including blind[1] voters who use screen readers and/or enlarged text and high contrast ratios to access visually displayed digital information, cannot use Defendants' websites on an equal basis with other voters to register or to update their voting

---

[1] Plaintiffs use the word "blind" to describe individuals who, as a result of a vision impairment, use alternative techniques or assistive technology for tasks done visually by persons without a visual impairment.

information. Instead, these voters must secure the assistance of a third party, or must travel to a government office in person, burdens that Defendants do not place on non-disabled voters who can access this information online. As a result, blind voters must give up the independence and confidentiality enjoyed by others who use Defendants' online registration systems. Voters with disabilities who cannot use Defendants' systems must share information such as party affiliation and other personal data with third parties or government staff to register to vote or update their voting information.

3. Plaintiff EVA EASON (EASON) is a blind voter who lives in the Bronx, New York. She reads text on her computer, including internet web browsers, using Job Access With Speech (JAWS), a type of screen access software.  Screen access software transmits textual information on a computer, tablet, or smartphone screen into an audio output or a refreshable Braille display pad. After getting married and changing her address, she tried to use the websites of Defendants BOE and DMV to update her voting information. Because of the inaccessibility of the websites for JAWS users, EASON was unable to use DMV's website to update her voter registration information, even after calling DMV and speaking to a representative. She was further unable to use BOE's website independently, and had to secure sighted assistance to update her voter information using BOE's paper forms, a process that compromised her independence and privacy.

4. Plaintiff MEGHAN SCHOEFFLING (SCHOEFFLING) is a blind voter who lives, works, and is registered to vote in Albany, New York. She also uses JAWS to navigate digital content. After moving, she tried to use the website of Defendant DMV to update her voting information. She was unable to use the website independently and privately, and was only able to update her voter information with sighted assistance.

5. Plaintiff NATIONAL FEDERATION OF THE BLIND (NFB) is a membership organization whose members include thousands of blind New York voters who cannot use Defendants' voter websites on an equal and independent basis due to the inaccessibility of those sites for blind voters.

6. Plaintiff CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK (CIDNY) is an independent living center serving persons with disabilities throughout New York City. CIDNY has thousands of constituents who are New York voters who cannot use Defendants' voter websites on an equal and independent basis. Further, CIDNY has expended resources and anticipates that it will continue to expend resources responding to the barriers created by Defendants' inaccessible websites.

7. Technology can be an important tool to improve access and inclusion for voters with disabilities. But it can also be the latest means of exclusion. The outcome turns on whether public entities comply with their affirmative obligations under federal law to create and maintain accessible digital structures. Here, the means are readily available to ensure that websites such as the voter websites maintained by Defendants are accessible to individuals with disabilities. Defendants have simply failed to make their websites accessible, despite their knowledge of the barriers faced by Plaintiffs and others who attempt to use their websites.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4), and 42 U.S.C. § 12133 to hear Plaintiffs' claims arising under Title II of the ADA and Section 504.

9. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to Plaintiffs' claims have occurred in this District.

## PARTIES – PLAINTIFFS

10. EASON is a resident of the County of Bronx, New York. She is blind and an individual with a disability for purposes of the ADA and Section 504. Because she is blind, EASON uses JAWS screen reader software to access and enter content on internet websites. EASON is an eligible voter who possesses identification issued by Defendant DMV.

11. SCHOEFFLING is a resident of the County of Albany, New York. She is blind and an individual with a disability for purposes of the ADA and Section 504. Because she is

3

blind, SCHOEFFLING uses JAWS screen reader software to access and enter content on internet websites.  SCHOEFFLING is an eligible voter who possesses identification issued by Defendant DMV.

12. NFB, the oldest and largest national organization of blind persons, is a 501(c)(3) non-profit corporation duly organized under the laws of the District of Columbia and headquartered in Baltimore, Maryland. It has affiliates in all 50 states, Washington, D.C., and Puerto Rico. NFB and its affiliates are widely recognized by the public, Congress, executive agencies of state and federal governments, and the courts as a collective and representative voice on behalf of blind Americans and their families. The organization promotes the general welfare of the blind by assisting the blind in their efforts to integrate themselves into society on terms of equality and by removing barriers that result in the denial of opportunity to blind persons in virtually every sphere of life, including education, employment, family and community life, transportation, and recreation. NFB has many blind members who are registered to vote in New York, and who desire to use the online voter registrations system maintained by Defendants, and otherwise access the important information and forms available on Defendants' voter websites, on an equal and independent basis.

13. The ultimate purpose of NFB is the complete integration of the blind into society on a basis of equality. This objective includes the removal of legal, economic, and social discrimination. As part of its mission and to achieve these goals, NFB has worked actively to ensure that the blind have an equal opportunity to access the same information and make use of the same tools by collaborating with developers of voting technology and websites to ensure accessibility for the blind. In particular, NFB has expended resources working with organizations, businesses, and governmental entities around the country to help make their websites accessible to blind individuals.

14. Plaintiff CIDNY is a nonprofit organization serving more than 15,000 individuals with disabilities in New York City. Founded in 1978, CIDNY's goal is to ensure full integration, independence and equal opportunity for all people with disabilities by removing barriers to the

social, economic, cultural and civic life of the community. CIDNY's expert counselors help people develop individualized roadmaps to better their lives. CIDNY helps people obtain health coverage and access health care, transition from institutions to the community, improve access to healthy and affordable foods, solve problems related to their housing, improve educational opportunities, and break down barriers to any public services. All of CIDNY's services are free to people with disabilities. The organization also provides technical assistance and training to a wide array of government and nonprofit organizations and businesses. As a leading advocate for the civil rights of people with disabilities, CIDNY educates individuals, policy makers, and organizations about disability rights and responsibilities pursuant to federal, state and local laws, including voting rights. It also monitors compliance with the Americans with Disabilities Act and provides practical solutions for common barrier removal problems to organizations and agencies who can improve their compliance with the law.

15. Since 2000, CIDNY has had a voting rights project that includes education and advocacy to help New Yorkers with disabilities register and vote privately and independently like everyone else. From 2005 through September 2014, CIDNY was the downstate Protection and Advocacy for Voter Access (PAVA) through a grant from New York State's Commission for the Quality of Care and Advocacy for People with Disabilities. CIDNY has performed and continues to perform voting rights activities, including poll site surveys, helping voters with disabilities register to vote, educating voters with disabilities on their rights, advocating for accessible voting materials, and providing technical assistance to boards of elections and voters with disabilities. CIDNY has expended resources to assist voters with disabilities experiencing the digital barriers described herein. More than half of CIDNY's board members and staff are persons with disabilities. CIDNY has many constituents who are registered to vote in New York, and who desire to use the online voter registration system maintained by Defendants, and otherwise access the important information and forms available on Defendants' voter websites, on an equal and independent basis.

## PARTIES – DEFENDANTS

16. BOE is a bipartisan executive branch agency vested with the responsibility for administration and enforcement of all laws relating to elections in New York State. BOE is responsible for creating, planning and maintaining its voter website, and for ensuring compliance with the requirements of applicable laws, including federal disability nondiscrimination laws. BOE is a public entity for purposes of Title II of the ADA, and receives federal financial assistance for purposes of Section 504.

17. DMV is an agency authorized and existing under the laws of the State of New York. DMV issues secure identity documents, delivers essential motor vehicle and driver-related services, and administers motor vehicle laws enacted to promote safety and protect consumers. Beginning in 2012, DMV began offering online voter registration for voters who have a New York State driver's license or a New York DMV nondriver identification card. DMV is responsible for creating, planning and maintaining its voter website, and for ensuring compliance with the requirements of applicable laws, including federal disability nondiscrimination laws. DMV is a public entity for purposes of Title II of the ADA, and receives federal financial assistance for purposes of Section 504.

## STATEMENT OF CLAIMS

18. BOE has planned, created, and maintained a website for voters, which currently exists at http://www.elections.ny.gov/VotingRegister.html#main. The website offers forms and information for voters, including downloadable forms for voter registration and for updating voter information, such as when a voter moves or changes his or her name.

19. DMV has planned, created, and maintained a website for voters, which currently exists at https://dmv.ny.gov/more-info/electronic-voter-registration-application. The website provides a system for voters to register online, and to update their voter information online.

20. Plaintiffs are informed and believe, and thereupon allege, that Defendants share communications and responsibilities regarding DMV's voter registration function.

21. Defendants' voter websites and voter registration systems are inaccessible to individuals with disabilities, including individuals who are blind.

22. The information needed to create and maintain accessible digital websites and online voter registration systems has long been readily available to Defendants. The World Wide Web Consortium issued its current Web Content Accessibility Guidelines (2.0 AA), which explain how to make web content and processes accessible, in 2008. And in 2015, Plaintiffs' counsel ACLU published and distributed a report on making online voter websites accessible to voters with disabilities. *See* Susan Mizner & Eric Smith, *Am. Civil Liberties Union, Access Denied: Barriers to Online Voter Registration for Citizens with Disabilities* (2015), *available at* https://www.aclu.org/report/access-denied-barriers-online-voter-registration-citizens-disabilities. The ACLU distributed the report to state agencies responsible for voting in every state, including to BOE officials. As well, in April 2016, Plaintiffs' counsel sent to BOE officials additional information about access barriers existing on its voter website.

23. Nevertheless, Defendants' websites and voter registration systems remain inaccessible to voters with disabilities, including blind voters who use screen readers and/or enlarged text and contrast. The unnecessary barriers include, but are not limited to: Lack of text alternatives for images and non-text content; inadequate text alternatives for images and non-text content; incompatible design for users who rely on text resizing; insufficient contrast ratios; inadequate and absent field labels on forms; inaccessible PDF's; lack of electronic signature options for PDF's; poor interaction with keyboard commands; inadequate page titles; poor link text; and PDF's without accessibility tags.

24. As a result of the barriers on Defendants' online registration websites, New York voters who are blind cannot register to vote or update voting information privately, independently, and on an equal basis with other voters.

25. Defendants' operation of their voter registration and voter services websites discriminates against voters with disabilities.

**Plaintiff Eva Eason.**

26. EASON moved within New York State in October 2014. On or about March 2016, EASON attempted to use BOE's website to update her voter information. She was unable to independently or privately complete BOE's form because it was inaccessible.

27. While at CIDNY's Manhattan office, EASON requested assistance in finding accessible voting forms from a sighted CIDNY employee. The employee expended resources locating the voter registration forms on BOE's website. Because even BOE's fillable form had not been designed for use with a screen reader, EASON was unsure of whether she had filled in the fields correctly. Accordingly, EASON sought assistance from another sighted CIDNY employee to review the form and ensure that she had signed the form in the correct place. As a result, EASON had to share her personal voting information with the sighted employee in order to successfully complete the form.

28. In a second effort to complete her voter registration update independently, in about March 2016, EASON attempted to use DMV's website to update her voter information. Despite spending a significant amount of time trying to use the site, she was unable to complete the process because of access barriers. She even called DMV and spoke to a representative, but remained unable to update her voter information using its website.

**Plaintiff Meghan Schoeffling.**

29. In December 2014, SCHOEFFLING moved to Albany County. On or about June 2015, SCHOEFFLING attempted to use DMV's website to update her voter information. She was unable to independently use portions of the website because of the access barriers it contains. She obtained sighted assistance to create a MyDMV account and to access the page for updating her voter information. Once on the voter registration page, she noticed that some of the fields did not contain labels. She asked a sighted friend to confirm that she had completed the fields properly, and had to share personal voting information with her sighted friend.

**Plaintiff NFB.**

30. Among NFB's constituents are the more than 350,000 blind people in New York State. NFB has many blind members who are eligible voters in New York who wish to access Defendants' websites and online voter registration system on an equal and independent basis.

**Plaintiff CIDNY.**

31. CIDNY has expended resources to assist individuals with disabilities experiencing barriers to registering to vote, including assisting EASON in updating her voter registration information because of the barriers that exist on Defendants' websites. CIDNY remains ready to provide such assistance to other voters. CIDNY has many constituents with disabilities, including more than 175,000 blind people in New York City, who have a right to equal and independent access to Defendants' services, including their websites and online voter registration system.

**CAUSES OF ACTION**

**Count I:  Disability-Based Discrimination
In Violation of Title II of the Americans with Disabilities Act
42 U.S.C. § 12131 et seq.**

32. Plaintiffs incorporate by reference the above paragraphs as though fully set forth herein.

33. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

34. Pursuant to the regulations implementing Title II of the ADA, a public entity may not, in providing any aid, benefit, or service:  "[d]eny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service[,] [a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others[,]" or "[p]rovide a qualified individual with a

9

disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others[.]" 28 C.F.R. §§ 35.130(b)(1)(i)–(iii).

35. The regulations implementing Title II of the ADA further require that public entities "take appropriate steps to ensure that communications with applicants, participants, [and] members of the public … with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

36. The regulations implementing Title II of the ADA further require that public entities avoid unnecessary policies, practices, criteria or methods of administration that have the effect or tendency of excluding or discriminating against persons with disabilities. 28 C.F.R. § 35.130(b)(3), (8).

37. Online voter registration, together with forms and information about voting provided online, is a service, program, or activity of BOE and DMV.

38. By planning, adopting, operating, and maintaining websites for voters and an online voter registration system that are not accessible to the individual Plaintiffs and to constituents of the organizational Plaintiffs, BOE and DMV have violated and continue to violate Title II of the ADA.

39. Plaintiffs are entitled to injunctive relief, declaratory relief, and attorneys' fees and costs.

**Count II: Disability-Based Discrimination
In Violation of Section 504 of the Rehabilitation Act
29 U.S.C. § 794**

40. Plaintiffs incorporate by reference the above paragraphs as though fully set forth herein.

41. Section 504 mandates that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied

the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

42. Section 504 defines "program or activity" as including "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government; or the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government …." *Id.* at § 794(b)(1).

43. Federally funded programs and activities may not, in providing aids, benefits, or services, "[a]fford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," nor may such programs and activities provide qualified handicapped persons with "an aid, benefit, or service that is not as effective as that provided to others." 45 C.F.R. § 84.4(b)(1)(ii)–(iii).

44. Online voter registration, together with forms and information about voting provided online, is a program or activity of BOE and DMV.

45. By planning, adopting, operating, and maintaining websites for voters and an online voter registration system that are not accessible to the individual Plaintiffs and to constituents of the organizational Plaintiffs, BOE and DMV have violated and continue to violate Section 504.

46. Plaintiffs are entitled to injunctive relief, declaratory relief, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Issue a preliminary injunction requiring Defendants to make their online voter registration system accessible to the individual Plaintiffs, and to constituents of the organizational Plaintiffs, who use assistive technology to interact with computers so that such voters can use that system equally, privately and independently to register to vote or update voter

information in time for the September 15, 2016 state and local primary elections, the general election on November 8, 2016, and in all future elections;

2. Declare that the actions and inactions described herein violate the rights of Plaintiffs under the ADA and Section 504;

3. Issue an order requiring that Defendants replace their inaccessible online voter registration system and websites with a system and websites that comply with the ADA and Section 504;

4. Issue an order requiring that Defendants put in place the systems, procedures, and personnel needed to ensure that future updates and changes to their system and websites comply with the ADA and Section 504;

5. Issue an order enjoining Defendants from engaging in the unlawful conduct complained herein;

6. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205; and

7. Grant such other and further relief as the court deems just and proper.

Respectfully submitted,

*[signature: Christina Brandt-Young]*

_____
Christina Brandt-Young
Disability Rights Advocates
675 Third Avenue, Suite 2216
New York, NY 10017
(212) 644-8644, ext. 305
cbrandt-young@dralegal.org

Susan Mizner*
Claudia Center*
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
(415) 343-0762
smizner@aclu.org
ccenter@aclu.org
*Motions to Appear *Pro Hac Vice* Pending

Daniel Goldstein*
Brown, Goldstein & Levy, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
(410) 962-1030
(443) 923-1314 (direct dial)
dfg@browngold.com
*Motion to Appear *Pro Hac Vice* Pending

Stuart Seaborn*
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, CA 94704-1204
(510) 665-8644
sseaborn@dralegal.org
*Motion to Appear *Pro Hac Vice* Pending

Attorneys for Plaintiffs