IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

EVA EASON, MEGHAN PARKER,
NATIONAL FEDERATION OF THE
BLIND, and the CENTER FOR
INDEPENDENCE OF THE DISABLED,
NEW YORK,

    Plaintiffs,

    v.

NEW YORK STATE BOARD OF
ELECTIONS, NEW YORK STATE
DEPARTMENT OF MOTOR VEHICLES,
TODD D. VALENTINE and ROBERT
BREHM, in their official capacities as Co-
Executive Directors of the Board of
Elections, THERESA EGAN, in her official
capacity as Executive Deputy Commissioner
of the Department of Motor Vehicles, and
GREGORY J. KLINE, in his official
capacity as Deputy Commissioner for
Administration of the Department of Motor
Vehicles,

    Defendants.

**CIVIL ACTION NO. 1:16-cv-04292**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY IN
SUPPORT OF DEFENDANTS' UNDUE BURDEN AND
<u>FUNDAMENTAL ALTERATION DEFENSES</u>**

## I.    Introduction

Under Title II of the Americans with Disabilities Act ("Title II") and Section 504 of the Rehabilitation Act ("Section 504"), once plaintiffs with disabilities have made a *prima facie* showing that they have been denied an equal opportunity to participate in or benefit from defendants' programs and services, "'[i]t is enough for the plaintiff to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits,' and once this is done 'the risk of nonpersuasion falls on the defendant.'" *Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189, 202 (2d Cir. 2014) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 280 (2d Cir. 2003)). In particular, the defendant must demonstrate that a proposed modification would fundamentally alter the nature of the program or impose an undue financial or administrative burden on its operation. *Id.* (citing *Tennessee v. Lane*, 541 U.S. 509, 532 (2004)).

Here, Defendants may seek to assert that the relief Plaintiffs seek, *e.g.*, accessibility improvements to Defendants' websites and systems sufficient to ensure equally effective access, and the introduction of policies and procedures necessary to maintain those improvements, would present an undue burden or fundamental alteration to Defendants' programs and services. However, Defendants have failed to timely disclose the evidence required to support such defenses and have thus waived their right to present such evidence at trial. The Court therefore should exclude any evidence Defendants intend to present at trial that the relief sought would present an undue financial or administrative burden, including evidence regarding the costs of such relief and any evidence regarding comparisons of those costs to purported sources of available funding.

## II.    Defendants Failed to Disclose or Produce Information Required to Assert Undue Burden or Fundamental Alteration Defenses.

**A.     Title II and Section 504 Place an Affirmative Burden of Production on Defendants Seeking to Assert Undue Burden and Fundamental Alteration Defenses.**

The federal disability access laws recognize that competing interests and demands for public resources often mean that covered entities fail to allocate sufficient resources towards their obligations to provide persons with disabilities an equal opportunity to access their programs and services.  As a result, the Americans with Disabilities Act ("ADA") and its implementing regulations make clear that the burden of proving that a requested modification would result in an undue financial or administrative burden or a fundamental alteration to the programs and services at issue lies with the public entity.  The regulations thus require covered public entities to affirmatively document their consideration of the requested relief in light of "all resources available" before dismissing it as a fundamental alteration or undue burden.  *See* 28 C.F.R. § 35.164.

In particular, the regulations state that "[t]he decision that compliance would result in such alteration or burdens must be made by the head of the public entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity and must be accompanied by a written statement of the reasons for reaching that conclusion." *Id.*; *see, e.g.*, *Chisolm v. McManimon*, 275 F.3d 315, 328, 331-32 (3d Cir. 2001) (denying defendants' undue burden defense because "there [wa]s no indication that [defendants] issued written statements of its reasons for denying [plaintiff]'s requested auxiliary aids"); *Williams v. Hayman*, 657 F. Supp. 2d 488, 500 n.8 (D.N.J. 2008) ("Because Defendants have offered no such written statement, this 'lone regulatory limitation' on their duty to provide [plaintiff] comparable access to services and programs at [the public entity] as is afforded to non-disabled inmates is inapplicable to this case.") (quoting *Chisolm*, 275 F.3d

at 325); *Ewbank v. Gallatin Cty. Ky.*, No. Civ.A. 03-156-DLB, 2006 WL 197076, at *8 (E.D. Ky. Jan 17, 2006) (granting Plaintiffs' motion for summary judgment in part because Defendants failed to submit a written statement demonstrating that they had analyzed the cost of the requested modification on their overall budget); *see also Culvahouse v. City of LaPorte*, 679 F. Supp. 2d 931, 944-46 (N.D. Ind. 2009) (holding that public entity must demonstrate that it considered all available resources, including extrabudgetary funding, to carry its burden of proof on an undue burden defense).

**B.      Defendants Failed to Produce Required Statements of Undue Burden or Fundamental Alteration or Other Related Evidence.**

In discovery, Defendants failed to produce required statements of undue burden or fundamental alteration or any other any material documenting Defendants' consideration of all available resources in support of such defenses. Neither Defendants' Answer to the Third Amended Complaint nor their initial disclosures make any mention of any statements of undue burden or fundamental alteration—or of any cost or budgetary assessments or any other documentation regarding the feasibility of the accessibility improvements and accessibility practices and procedures sought by Plaintiffs. *See* Decl. of Stuart Seaborn in Support of Pls.' Mot. in Limine to Exclude Evidence of Undue Burden ("Seaborn Decl."), Ex. A, ECF No. 129 at 10 (Defs.' Answer to Third Amended Complaint, filed Feb. 16, 2017); Ex. B, Defs.' Initial Disclosures, signed and submitted to Plaintiffs on Oct. 17, 2016. Defendants have yet to identify any statement of undue burden or fundamental alteration or any documentation in support of those defenses that considered all available resources as required by the implementing regulations. Seaborn Decl. ¶ 5.

While Defendants' discovery responses were not altogether silent on undue burden and fundamental alteration, they failed to identify or produce the required underlying support for

3

those defenses. For example, in response to Plaintiffs' Contention Interrogatory Number 12 ("State all facts that you contend support Defendants' Affirmative Defense No. 4, including but not limited to: fundamental alteration, undue administrative and/or financial burden or hardship, and feasibility"),[1] Defendant BOE, after reiterating its objections, answered:

> BOE states it does not anticipate at this time that it will need to present a defense stemming from fundamental alteration, undue administrative and/or financial burden or hardship, or feasibility, but reserves the right to raise such defenses if necessary based on the parties' briefing and/or this Court's ruling on summary judgement. The facts relevant to such a defense will be based first and foremost on the costs of whatever additional changes to BOE's website Plaintiffs contend are required in order to provide meaningful access to BOE's services programs and activities. Other relevant facts to such defenses include: (1) the limited size of the Programming Unit within the Information Technology Unit and (2) the limited funds from the BOE's budget appropriations that are available to be diverted to perform additional work related to BOE's website.

Seaborn Decl., Ex. C, Def. BOE's Objs. and Resps. to Pl. Eva Eason's Second Interrogs., signed and submitted to Plaintiffs on August 21, 2017 (ECF No. 151-33, Exhibit CC to Declaration of Claudia Center in Support of Plaintiffs' Motion for Summary Judgment) at 6.

Defendant DMV, in response to the same contention interrogatory, after reiterating its objections, answered:

> DMV states it does not anticipate at this time that it will need to present a defense stemming from fundamental alteration, undue administrative and/or financial burden or hardship, or feasibility, but reserves the right to raise such defenses if necessary based on the parties' briefing and/or this Court's ruling on summary judgement. The facts relevant to such a defense will be based first and foremost on the costs of whatever additional changes to DMV's website Plaintiffs contend are required in order to provide meaningful access to DMV's services programs and activities. Other relevant facts to such defenses include: (1) the limited size of DMV's Web Services Office; and (2) the limited funds from DMV's budget appropriations that are available to be diverted to perform additional work related to DMV's website; and/or other constraints on the ability of non-party New York State Office of Information Technology Services, which provides technology

---

[1] *See* Seaborn Decl., Ex. C, Def. BOE's Objs. and Resps. to Pl. Eva Eason's Second Interrogs., signed and submitted to Plaintiffs on August 21, 2017 (ECF No. 151-33, Exhibit CC to Declaration of Claudia Center in Support of Plaintiffs' Motion for Summary Judgment) at 5.

services to all State executive agencies to perform work on transactions available on DMV's website encompassed by the Third Amended Complaint.

Seaborn Decl., Ex. D, Def. DMV's Objs. and Resps. to Pl. Eva Eason's Second Interrogs. signed and submitted to Plaintiffs on August 21, 2017 (ECF No. 151-32, Exhibit BB to Declaration of Claudia Center in Support of Plaintiffs' Motion for Summary Judgment) at 6-7.

Neither of these responses identifies any required statements of undue burden or fundamental alteration from the heads of BOE or DMV or their designees, or any documentation of underlying reasons for such determinations that consider *all available resources*. Defendants' vague statements with respect to the "limited funds" from BOE and DMV's budget appropriations do not identify the source of any analysis or underlying support at all, including what budgets were assessed in making such determinations, or whether any extrabudgetary funding was considered. The concerns identified due to the "limited size" of the BOE's programming unit and the size of DMV's Web Services Office are also too vague to support these defenses.

Instead of identifying and producing the required evidentiary support for their undue burden and fundamental alteration defenses, Defendants offer only wide categories of information they could potentially draw upon for evidence of undue burden or fundamental alteration. Such vague and hypothetical references to the bases of any affirmative defenses they might raise do not approach the threshold for presenting these defenses under the law. Without having disclosed any of the required evidence of undue financial or administrative burden during discovery, Defendants should not now be permitted to present such evidence at trial.

**III.     Because Defendants Waived Their Ability to Raise the Undue Burden and Fundamental Alteration Defenses, the Court Should Exclude Any Evidence Defendants Seek to Introduce at Trial in Support of these Defenses as Prejudicial.**

By failing to disclose cost assessments or other evidence to support their affirmative

5

defenses when Plaintiffs specifically requested such information in their contention interrogatories, Defendants have waived their ability to present evidence in support of their affirmative defenses at trial. Parties are required to disclose "all documents . . . [they] may use to support [their] claims or defenses." Fed. R. Civ. P. 26(a). Rule 37(c)(1) requires that "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information at trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In this Circuit, though exclusion of evidence not produced or disclosed is not automatic, a district court has discretion to exclude such evidence at trial if the failure to disclose is not substantially justified. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-99 (2d. Cir. 2006). Failure to disclose evidence in support of an affirmative defense during discovery generally results in preclusion of that evidence at trial. *See, e.g.*, *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758 (KAM)(LB), 2014 WL 2916964, at *5 (E.D.N.Y. June 25, 2014); *Quiles v. City of New York*, No. 11–CV–5613(FM), 2014 WL 1918635, at *3, *6 (S.D.N.Y. May 8, 2014).

Here, to the extent Defendants attempt to introduce cost assessments or statements with underlying support that *do* purport to consider all resources available to the BOE and DMV—after having failed to do so throughout the litigation—Plaintiffs will not have had the opportunity to examine or test such evidence before trial. Its introduction would thus not be harmless. *See Quiles*, 2014 WL 1918635, at *4 (finding that allowing the City to rely on documents supporting an affirmative defense but not produced to plaintiff would prejudice plaintiff and not be harmless). Nor would Defendants' failure to disclose such information throughout more than two years of litigation, after having received discovery requests specifically seeking such information, be substantially justified. *Id.* at *3-4.

Additionally, to the extent Defendants seek to introduce testimony similar to what they relied on in their motion for summary judgment, such as testimony regarding the cost of specific website improvements to the Make a Reservation system on the DMV website or the costs of remediation of historical PDFs, the relevance of such testimony—out of context and without the benefit of an assessment of the cost and impact of Plaintiffs' requested relief in light of all available resources, as the regulations require—is limited and its probative value is outweighed by its prejudicial effect.

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs request that the Court exclude any evidence Defendants seek to introduce in support of their affirmative defenses that the relief sought by Plaintiffs would present an undue burden or fundamental alteration to Defendants' programs and services.

Dated: May 2, 2018
       New York, New York

Respectfully submitted,

Christina Brandt-Young
Disability Rights Advocates
655 Third Avenue, 14th Floor
New York, NY  10017
(212) 644-8644, ext. 305
cbrandt-young@dralegal.org

Susan Mizner
Claudia Center
American Civil Liberties Union
       Foundation
39 Drumm Street
San Francisco, CA  94111
(415) 343-0762
smizner@aclu.org
ccenter@aclu.org

Stuart Seaborn
Monica Porter
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, CA  94704
(510) 665-8644
sseaborn@dralegal.org
mporter@dralegal.org

Jessica P. Weber
Brown, Goldstein & Levy, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD  21202
(410) 962-1030
jweber@browngold.com

*Attorneys for Plaintiffs*